United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST HOME BANK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DVG RESOURCES, INC., et al.,<br><br>　　　　Defendants. | Case No. 18-cv-02426-HSG<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 31, 32 |

Pending before the Court are Plaintiff First Home Bank's motions for default judgment against Defendants DVG Resources, Inc. ("DVG"), *see* Dkt. No. 31, and Robert Kaleta ("Kaleta"), *see* Dkt. No. 32. The Court **GRANTS** the motion for default judgment against DVG and **GRANTS** the request to withdraw the motion against Kaleta, *see* Dkt. No. 42.[1]

## I. BACKGROUND

Plaintiff filed this action on April 24, 2018, alleging that DVG and its sole shareholder, Robert Kaleta, breached loan and forbearance agreements with First Home Bank. *See* Complaint, Dkt. No. 1. Proceeding *pro se*, Kaleta filed an answer on May 14, in which he averred that DVG had been dissolved. *See* Answer, Dkt. No. 14.

After issuing two orders to show cause for why he should not be sanctioned for failure to appear, *see* Dkt. Nos. 21, 24, the Court ordered Kaleta to appear in person for a sanctions hearing, *see* Dkt. No. 25. Kaleta did not appear at the September 20 sanctions hearing. *See* Dkt. No. 27.

The Clerk of Court entered default against DVG on September 25. *See* Dkt. No. 30.

On October 8, Plaintiff filed motions for default judgment under Federal Rule of Civil Procedure 55(b)(2) against DVG, *see* Dkt. No. 31, and Kaleta, *see* Dkt. No. 32. Plaintiff filed a

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

notice on October 16 that Kaleta had filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, resulting in an automatic stay. *See* Dkt. No. 37.

On January 23, 2019, the Court took Plaintiff's motions under submission, *see* Dkt. No. 40, and directed Plaintiff to file supplemental briefing on the impact of a bankruptcy stay on its motion, *see* Dkt. No. 39. Plaintiff responded on January 30, stating that it believed the automatic bankruptcy stay under 11 U.S.C. § 362 remained in effect with respect to Kaleta. *See* Dkt. No. 42 at 1–2. Because of the bankruptcy stay, Plaintiff requested to withdraw the motion for default judgment against Kaleta, "subject to re-filing if and when it becomes necessary following the conclusion of Kaleta's bankruptcy case." *Id.* at 1.

## II. LEGAL STANDARD

When a party has failed to plead or defend against a complaint, the clerk "must enter the party's default." Fed. R. Civ. P. 55(a). Following an entry of default, the Court may enter a default judgment upon request. Fed. R. Civ. P. 55(b)(2). However, the Court's decision to enter a default judgment is "discretionary." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When default has been entered, the "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

In assessing a request for default judgment, the Court must first confirm proper jurisdiction and service of process. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Upon determination of jurisdiction, the Court then evaluates the merits of the default judgment request based on seven factors (the "*Eitel* factors"): (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**III. DISCUSSION**

**A. The Court Grants the Motion for Default Judgment Against DVG**

To begin, the Court must confirm proper jurisdiction and service of process. *See In re Tuli*, 172 F.3d at 712. The Court has jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff has its principal place of business and is incorporated in Florida, and DVG has its principal place of business and is incorporated in California, and the amount in controversy exceeds $75,000. *See* Complaint ¶¶ 1–4, 27. The Court has personal jurisdiction over DVG because it is a California corporation. *See id.* ¶ 2. A plaintiff may serve a corporation, partnership, or association by delivering a copy of the summons and complaint to an agent "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Plaintiff properly served DVG by delivering a copy of the summons and complaint to Vanity Alexander, the authorized agent for service of process. *See* Dkt. No. 12. Thus, the Court finds that the preliminary requirements of jurisdiction and service of process are satisfied.

Next, the Court must evaluate the merits of the default judgment request based on the seven *Eitel* factors. *See Eitel*, 782 F.2d at 1471–72. First, because DVG has not appeared in this action, Plaintiff would be prejudiced absent a default judgment because it would have no "other recourse for recovery." *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Second, Plaintiff's substantive claim to enforce the promissory note is meritorious, based on the loan documents submitted by Plaintiff. *See* Dkt. No. 7. Third, the complaint is sufficient because it adequately alleges all elements of the causes of action. Fourth, the sum of money at stake—$262,734.78 in principal and interest plus $8,554.94 in attorneys' fees and costs—is reasonable, given that nearly $250,000 of principal remains outstanding on the original $350,000 note. *See* Dkt. No. 31 at 6; *Bd. of Trustees of the Clerks v. Piedmont Lumber & Mill Co.*, No. C 10-1757 MEJ, 2010 WL 4922677, at *5 (N.D. Cal. Nov. 29, 2010) (finding sum of money at stake reasonable because "damages Plaintiff seeks are proportionate to the harm Defendant caused, are justified under the [contract], and are properly documented"). Fifth, given that DVG has not appeared in this lawsuit and Plaintiff's claims are well-documented, there is little possibility of a dispute over material facts. Sixth, default was not due to excusable neglect,

because DVG was properly served and its owner separately answered the Complaint. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect where defendant "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Seventh, while the strong policy of deciding cases on their merits weighs against a default judgment, deciding the case on the merits would be difficult where one party has not participated.

In conclusion, the Court finds that Plaintiff has met the requirements to obtain a default judgment and **GRANTS** the motion as to DVG, in the amount of $262,734.78, plus $8,554.94 in attorneys' fees and costs.

### B. The Court Grants the Request to Withdraw the Motion Against Kaleta

Plaintiff has explained that because Kaleta filed a petition for Chapter 13 bankruptcy, an automatic stay was imposed under 11 U.S.C. § 362. Accordingly, the Court **GRANTS** the request to withdraw the motion for default judgment against Kaleta, without prejudice as to its future filing.

### IV. CONCLUSION

For the reasons described above, the Court **GRANTS** the motion for default judgment against DVG and **GRANTS** the request to withdraw the motion against Kaleta. The Court awards damages to Plaintiff in the amount of $262,734.78, plus $8,554.94 in attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: 2/1/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

4